## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Kathryn E. Keefer

v.

City of Virginia Beach
Department of Social Services

November 21, 1985

Case No. 3590A

By JUDGE JOHN K. MOORE

The above-styled matter was heard by the circuit Court of the City of Virginia Beach, Virginia, on November 18, 1985, on an appeal of a determination by Frances S. Elrod, Director, Virginia Beach Department of Social Services, that a grievance filed by Kathryn E. Keefer does not qualify for a panel hearing under the provisions of Section 2.1-114.5:1 et seq. of the Code of Virginia and the Grievance procedure for State Employees (revised July 1, 1985) established by the Director of the Department of Employee Relations Counselors.

Kathryn E. Keefer is employed by the Virginia Beach Department of Social Services as an Eligibility Worker. She has filed her Grievance as a result of having received a performance score of 4.9 on the Caseload Coverage Section of an employee Performance Appraisal Report for the period from August 16, 1984, through August 16, 1985.

The appeal was heard by the court "on the record" submitted to the court by the agency head together with other evidence presented to the court at the hearing in the form of testimony from the grievant, Kathryn E. Keefer, Jacqueline Twine, Eligibility Supervisor, and Jean E. Kight, Senior Eligibility Supervisor, and Exhibits 1 through 5, filed with the court.

A careful reading of the provisions of Section 2.1-114.5:1 would indicate that an Employee Performance

Appraisal Report would not normally be a grievable complaint unless it involved the misapplication of personnel policies, procedures, rules, regulations, ordinances and statutes which is clearly not indicated by the evidence in this case. In fact, the Grievance Procedure for State Employees (revised July 1, 1985) established by the Director of the Department of Employees Relations Counselors states specifically in paragraph B2 on page 5 of its handbook that, "the measurement and assessment of work activity through a performance evaluation shall not be grievable except where the employee can show that the evaluation was arbitrary or capricious." Although the grievant did not specifically allege in her written statement that the performance evaluation was arbitrary or capricious she advised the court in her testimony that it was her position that the evaluation was in fact arbitrary or capricious.

An arbitrary or capricious decision is subject to many definitions throughout the law but the central theme running through all of them is that it is a decision made by an administrative agency without any reasons being given for its decision or without any facts upon which to make its decision.

In this case the score of 4.9 on the category titled caseload coverage was mathematically derived from her caseload statistics, substantiated by a comparison of the grievant's cases with cases processed by the two previous eligibility workers and individual evaluations of selected case files being handled by the grievant.

Although the score of 4.9 may be disappointing to the grievant, Kathryn E. Keefer, the court is totally unable to find any evidence upon which it could conclude that it was arrived at in an arbitrary or capricious manner.

Accordingly, the decision of the agency head, Frances S. Elrod, determining that the grievance does not qualify for a panel hearing, is affirmed.