## CIRCUIT COURT OF THE CITY OF RICHMOND

Patricia A. Sweeney

v.

Commonwealth of Virginia,
Department of Medical Assistant Services

April 2, 1987

Case No. N-4311-1

By JUDGE MELVIN R. HUGHES, JR.

Patricia A. Sweeney (employee) is a utilization review specialist with the Virginia Department of Medical Assistance Services (DMAS). Her duties involve review and oversight, including site visits, of nursing home facilities providing long term care to medicaid recipients. She seeks a review of a state agency's finding that her performance evaluation done in August, 1986, is not grievable.

During the argument on the Motion to Dismiss on March 16, 1987, counsel for the Agency referred to his copy of Exhibit IX consisting of a voluminous loose leaf notebook approximately 2½ inches thick which was not with the Court's file at the time. As I stated I would do, I contacted the Clerk's Office after the hearing and the notebook was located and I have read and considered its contents. I have also read and considered the ten exhibits in a brown binder, labelled "Exhibits For Third Step Manager's Review" as well as the memoranda filed in support of and in opposition to the Motion.

The case is presented to the court pursuant to Section 2.1-114.5:1(E), Code of Virginia of 1950, as amended. That section confines the court's review to whether the

matter is grievable and thereby entitled to a panel hearing. The same code section provides in another subsection, (A), the definition of a grievance and in another subsection, (B), Management Responsibilities, seven areas are set as things non-grievable. The latter subsection (B) has to do with the right of management to exclusively manage the affairs and operations of state government.

Both sides agree, grievability of performance evaluations is conditioned on whether the evaluation was "arbitrary and capricious." This test is derived from Section II(B)(2) of the Grievance Procedure enacted pursuant to the statute. Both sides cite *State Board of Health v. Godfrey*, 223 Va. 423, 433-434 (1982), where our Supreme Court observed an "arbitrary or capricious decision of an agency is one made through abuse of discretion, bad faith, unfairness or one tainted by unfair prejudice or animosity."

The parties disagree on whether an employee must in some way demonstrate an arbitrary and capricious performance evaluation before this Court to determine the right to the panel hearing.

DMAS cites several circuit court cases, including one of this Court, which hold the employee must make some showing. The employee argues a case decided by this Court in 1980, *O. Tuck Adams v. Commonwealth of Virginia, Department of Corrections*, No. LD 742, which states "the panel hearing and not this Honorable Court is a proper forum to determine the facts." DMAS argues it is illogical to decide a case is entitled to a panel hearing without first deciding the matter is grievable.

As noted, I have read the materials in the file. They consist of various agency papers documenting the deficiencies set out in the employee's performance evaluation. Nothing in this record supports the employee's contention that her performance evaluation was conducted in an arbitrary and capricious manner. Short of ultimate proof her performance evaluation is a product of arbitrary and capricious conduct, the employee should make a showing of at least a probability.

The record and the employee's memorandum contain only bald assertions of arbitrary and capricious conduct. For example, the employee states prior to the evaluation in question, she experienced good evaluations and two previous grievances were resolved in her favor because it was the "Agency's decision and not Ms. Sweeney's to resolve the prior grievances without a full panel hearing on the merits."

The record does show the two prior grievances were ended because, in one case, a previous performance evaluation which the employee grieved was withdrawn, and in another, involving a group two notice for failure to timely complete a job description, the notice was withdrawn, both actions done because the agency failed to comply with procedural requirements.

There is no evidence the present performance evaluation is based on anything other than deficiencies. These are amply documented contemporaneously with the events and are summarized under appropriate headings in the evaluation.

As this Court is empowered to receive evidence on this review by "the record transmitted by the agency head and such additional evidence as may be necessary to resolve any controversy as to the correctness of the record," pursuant to § 2.1-114.5:4(F), I find the employee has not adduced any evidence in support of her claims, and, therefore, I must conclude they are not grievable.