CIRCUIT COURT OF THE CITY OF RICHMOND

Linda J. Wallace

v.

Commonwealth of Virginia,
Medical College of Virginia

January 14, 1988

Case No. LL 894-2

By JUDGE ROBERT L. HARRIS, SR.

Linda Wallace works as a Hospital Administration Assistant at the Medical College of Virginia (MCV). On February 25, 1987, Wallace filed a complaint with her supervisor, Laura Tichacek, alleging that her January 30, 1987, work evaluation was arbitrary and capricious. Wallace's past evaluations from December 21, 1982, to March, 1985, were all above average. Her January, 1986, evaluation was lower than the others, but it was adequate. Following the 1986 evaluation, Wallace requested in writing that Tichacek counsel her in the future regarding performance deficiencies. MCV's hospital employee records show four occasions in 1986 concerning problems that had arisen between Wallace and other employees.

On January 30, 1987, Wallace was evaluated and received a rating placing her below "minimally accepted performance levels." Wallace alleges that when she asked Tichacek to substantiate this rating, Tichacek could not provide any written documentation showing that this rating was appropriate. Thus, Wallace filed this grievance in accordance with the Grievance Procedure for State Employees, and the first and second step managers found Wallace's complaint nongrievable.

Wallace than wrote to Phyllis Katz, Director of Employee Relations Counselors, who on March 30, 1987, determined that Wallace's complaint was nongrievable because the 1987 work evaluation was not arbitrary or capricious. Katz agreed that the evaluation showed that Wallace's performance was below minimally accepted levels and that prior years were within normal ranges. However, Katz stated that since a new Performance Appraisal System was in effect as of January, 1987, an exact correlation could not be made between the 1987 evaluation and prior years. Katz concluded that the facts presented did not support Wallace's allegations that the 1986 work evaluation was arbitrary or capricious. Katz found that Tichacek sought input from the Assistant Director of Surgical Nursing and the Unit Coordinators in the Surgical Nursing Department, and she also found evidence to support the fact that discussions were held with Wallace regarding her job performance.

Wallace appealed Katz's decision to Dr. Ackell, the President of Virginia Commonwealth University, and Dr. Ackell agreed with Katz that the evaluations were not arbitrary or capricious. Wallace then appealed Dr. Ackell's decision to the Circuit Court of the City of Richmond, maintaining that her performance evaluation of January, 1987, was arbitrary and capricious.

The Grievance Procedure for State Employees expressly states that "the measurement and assessment of work activity through a performance evaluation shall not be grievable except where the employee can show that the evaluation was arbitrary or capricious." Grievance Procedure for State Employees, Section II (B), p. 5, (1985).

An arbitrary and capricious decision is a decision made "without any reason being given for [the] decision or without any facts upon which to make the decision. *Keefer v. Virginia Beach*, Circuit Court of Virginia Beach, pp. 256, 257 (decided November 21, 1985).

In order to determine whether an evaluation is arbitrary and capricious the circuit court must first decide the proper measure of proof that the grievant is required to show.

Judge Cole addressed this issue in the Richmond Circuit Court case of *Adams v. Commonwealth of Virginia, Department of Corrections*, LD 743 (decided September 29, 1980). In *Adams*, the court held that the very wording of the Grievance Procedure takes performance evaluations from the general nongrievable issues and makes them grievable, provided that the finder of facts finds that the action taken was arbitrary and capricious. In the *Adams* case, the court held that since the fact finder found a distinct difference of opinion between Adams and the supervisor as to the objectivity and fairness of the evaluation, that Adams was entitled to a panel hearing.

This court disagrees with the court's conclusion in *Adams* because this court is of the opinion that in most, if not all, cases concerning arbitrary and capricious work evaluations, the complaining employee is going to disagree with the evaluator's opinion. Therefore, this court finds that more proof is required than a finding of a difference of opinion by the fact finder as to the objectivity and fairness of the evaluation.

Judge Hughes also addressed this issue in the Richmond Circuit Court case of *Sweeney v. Commonwealth of Virginia, Department of Medical Assistant Services*, N 4311-1 (decided April 2, 1987). In *Sweeney*, the court ruled that an employee does not have to prove an arbitrary or capricious work evaluation, but the employee must make a showing of at least a probability that the evaluation was the product of arbitrary or capricious conduct.

The Court further ruled that mere allegations of an arbitrary and capricious work evaluation were insufficient to prove that a work evaluation was arbitrary and capricious.

Therefore, following the decision made by Judge Hughes in *Sweeney*, it is the opinion of this court that Wallace does not have to *prove* an arbitrary or capricious evaluation, but she must make a showing of at least a *probability* that the evaluation was the product of arbitrary or capricious conduct.

The evidence shows that Wallace received a lower score on her work evaluation in 1987 than in prior years and that she did request counseling if deficiencies continued. However, the only evidence that Wallace presents which could tend to show an arbitrary or capricious evaluation is her allegation that she was not given periodic feedback to correct any problems in a timely manner.

This court is of the opinion that the allegation and evidence fails to establish a probability that the evaluation was the product of arbitrary or capricious conduct. The evidence presented shows that Tichacek documented four occasions in 1986 where problems occurred concerning Wallace, and Wallace acknowledges that there was a "communication problem" a few weeks before the evaluation was given. There is also evidence that Tichacek sought input from the Assistant Director of Surgical Nursing and the Unit Coordinators in the Surgical Nursing Department. Thus, although there appears to be a disagreement between the parties as to the level of counseling during the year, there is no evidence that the work evaluation was arbitrary or capricious. Therefore, I find that this complaint is not grievable.