# CIRCUIT COURT OF ROCKINGHAM COUNTY

In re Appeal of
Gary A. Guardacosta

May 5, 1995

BY JUDGE PORTER R. GRAVES, JR.

This case involves a grievance of Mr. Guardacosta, which has been appealed to the Court in accordance with the Va. Code § 2.1-114.5:1(E). The record was filed in the Clerk's Office of this Court on March 27, 1995, and the appeal was heard on April 21, 1995, before the Court. At the hearing, there were present the grievant, Mr. Guardacosta, *pro se*, and Virginia Department of Corrections was represented by Alexander L. Taylor, Jr., Esq., Assistant Attorney General.

Section 2.1-114.5:1(E) of the Code of Virginia, 1950, as amended, provides the procedure for which such matters are heard. The sole issue to be determined is whether the grievance qualifies for a panel hearing.

The proper procedure for bringing the matter before the Court is not in question.

The appeal was heard on the record transmitted by the agency head, and additional evidence was received in supplementation of the record, without objection, and as contemplated by such Code Section, and the Court took *ore tenus* evidence as the ends of justice required.

Mr. Guardacosta is employed by the Virginia Department of Corrections with Probation and Parole District No. 39. His position is a probation counselor. There appears to be no question that he is a good employee.

Mr. Guardacosta complains that on December 6, 1994, there was misapplication of personnel policies, procedures, rules, regulations, ordinances and statutes, and acts of retaliation as a result of complying with state law, as applied to him personally as an employee of the Commonwealth with respect to the State's pay performance plan. He requested relief of payment of merit increase commensurate with performance rating retroactively to December 1, 1994, when the merit increases took effect.

The issue of retaliation alleged by Mr. Guardacosta was determined by the Department of Employee Relations as being not grievable. See letter from Ms. Phyllis C. Katz, Director, dated January 27, 1994, as part of the record herein. Ms. Katz also addressed in her letter that the non-grievable ruling on the retaliation portion does not prohibit an appeal to the agency head and advised Mr. Guardacosta how to go about such an appeal.

The agency head's determination, made by Mr. Ron Angelone, Director of the Commonwealth of Virginia Department of Corrections, on March 8, 1995, states that Mr. Guardacosta "accepted this ruling; therefore, this issue will not be addressed in this ruling." Since the record reveals the retaliation issue was accepted by Mr. Guardacosta and has not been appealed, I must consider that to be the case.

The remaining issue before the Court is whether the incentive pay plan policy was misapplied as to Mr. Guardacosta. On October 7, 1994, Mr. Guardacosta received a performance evaluation with an overall rating of "exceeds expectations." Under the performance planning and evaluation policy, employees with a rating of "exceeds expectations" are eligible for a one or two-step pay increase.

Prior to the above, in July, 1994, the Department of Personnel and Training advised agencies regarding the implementation of the incentive pay plan for pay increases. The Department advised that due to budget constraints and limitations, some employees rated "exceeds expectations" may only receive a one-step increase. Further, agencies were instructed to establish procedures for determining which employees with a rating of "exceeds expectations" would get the two-step increase. The Department of Personnel and Training approved the plan submitted by Mr. Guardacosta's agency for the ranking of employees. In the letter of January 27, 1994, in the record, Ms. Katz states that ranking of employees was to be based upon the individual job element ratings. She states that Mr. Guardacosta was not ranked by considering his performance in light of the performance plan but was ranked based upon comparison of his performance to standards applicable to other probation counselors, who perform different work for a different court. She further concludes that a sufficient question was raised as to proper implementation to warrant a fuller exploration of the facts in the management steps. Upon that ground, she concluded the complaint is grievable.

In the agency head's response, as set forth above, it was determined that "according to the agency's plan, you [Mr. Guardacosta] were ranked with other employees in your unit who were rated "exceeds expectations."

Based on this ranking process, you were not in the group selected for the two-step increase.

The response of the agency head further stated:

> You have provided no evidence to support your claim that incentive pay plan policy has been misapplied. Therefore, I have ruled your grievance not qualified for panel.

There is no question Mr. Guardacosta is upset by not receiving the two-step pay increase. As Mr. Taylor argued, if there was a grievance hearing every time an employee was disgruntled, then there would be a line of continuous hearings.

There is no complaint regarding the evaluation of Mr. Guardacosta as "exceeds expectations."

In testimony taken on April 21, 1995, the supervisor of Mr. Guardacosta, Mr. Marvin Shifflett, testified he wanted Mr. Guardacosta to have a pay increase. However, the budget constraints would not allow all employees receiving evaluations of "exceeds expectations" to receive them. Many employees who are exceptional employees may not receive the two-step increase.

The Commonwealth of Virginia Employee Grievance Procedure, as revised July 1, 1992, provides that management reserves the exclusive right to manage the affairs and operation of government. The measurement and assessment of work activity through a performance evaluation is non-grievable, except where the employee can show that the evaluation was arbitrary or capricious. See Section II, B, 3, on page 2 of Employee Grievance Procedure.

An arbitrary and capricious decision is a decision made "without any reason being given for [the] decision or without any facts upon which to make the decision." See *Wallace v. Commonwealth*, 10 Va. Cir. 370, 371 (1988), citing *Keefer v. Virginia Beach*, 6 Va. Cir. 256 (1985).

Before determining whether an evaluation is arbitrary and capricious, the Circuit Court must first decide the proper measure of proof the grievant is required to show. See *Wallace, supra,* at page 371.

In some cases concerning arbitrary and capricious work evaluations, courts have allowed the matter to go to a panel hearing based on differences of opinion. Unquestionably, where an employee is not evaluated as high as he or she may think proper, there will be differences of opinion between the employee and his or her supervisor. If that is all that is required, all such matters would qualify for a panel hearing. I agree with

Judge Harris in the *Wallace, supra,* case that more than a difference of opinion between the employee and supervisor as to the objectivity and fairness of the evaluation is required. I also find that mere allegations of an arbitrary and capricious work evaluation are insufficient, as set forth by Judge Hughes in *Sweeney v. Commonwealth,* 10 Va. Cir. 101 (1987), as cited in the *Wallace* case. After consideration of the matter, I find that Mr. Guardacosta does not have to prove an arbitrary or capricious evaluation, but he must make a showing of at least a probability that the evaluation was the product of arbitrary or capricious conduct. I follow the decision of Judge Hughes and later Judge Harris, both as above set forth. I believe it is the correct statement of the law.

Mr. Shifflett testified on April 21, 1995, in response to allegations and testimony by Mr. Guardacosta. Mr. Shifflett is the supervisor of Mr. Guardacosta. He testified that he had done the ranking of the employees, and his employment unit had approved it. He testified that he had training on the rating system on three separate occasions but that the ranking system is new. He stated that he had received information from the Department of Personnel of the Department of Corrections on suggestions as to things to consider with respect to ranking employees. He testified that in December, 1994, he used his own criteria for ranking of the employees. The criteria used may be subjective, which he learned at the meeting of all Chief Probation Officers. On December 6, 1994, he told Mr. Guardacosta he used his own criteria, not the State criteria for such ranking. Mr. Shifflett testified that he is the organizational unit head, and there is no requirement for him to use the state guidelines. He testified that his determination was reviewed and upheld and that he does not have to give Mr. Guardacosta his reasons or criteria for his ranking.

In closing, Mr. Guardacosta argued that he does not believe the Department of Corrections followed their own rules as applied to him. He still questioned what the criteria were.

As Mr. Taylor argued, the grievant must do more than allege the action of the agency head was arbitrary and capricious. Mr. Guardacosta argued that had the agency established the guidelines, followed them, and made him aware of what they were, he may understand the matter. But Mr. Shifflett did not make him aware of the criteria used for the ranking and that the only reason given him was because he does a different job, by working in General District Court, as opposed to working in Circuit Court. He argues that this is sufficient to show the conduct in the evaluation was arbitrary and capricious.

Based upon the record, the exhibits received on April 21, 1995, the testimony of Mr. Guardacosta and Mr. Shifflett taken that day in accordance with the Court's allowance of taking evidence, without objection by the parties, as the ends of justice required, all in accordance with § 2.1-114.5:1(E), I find that the grievant, Mr. Guardacosta, has not made a showing of at least a probability that the evaluation was the product of arbitrary or capricious conduct. Therefore, in accordance with the foregoing Code Section, I find that the decision of Mr. Ron Angelone, agency head, should be affirmed.